# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Walter Moore,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Pegasus Steel, LLC,<br><br>　　　　　Defendant. | Case No. 2:22-cv-03096<br><br>**ORDER AND OPINION** |

This matter comes before the Court on the Magistrate Judge's Report and Recommendation ("R & R") recommending that the Court dismiss Plaintiff's Complaint. (Dkt. No. 15). Plaintiff filed an objection to the R & R. (Dkt. No. 16). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendant's motion to dismiss. The Court also grants Plaintiff leave to file an amended complaint.

## I. Background

This is an employment dispute in which Plaintiff brings Title VII discrimination and retaliation claims against Defendant. (Dkt. No. 1). Plaintiff alleges that he was subjected to racial discrimination by his supervisor and that Defendant retaliated against him by reducing his pay, suspending him, and revoking his certification. (*Id.*).

The Magistrate Judge issued an R & R recommending that the complaint be dismissed. (Dkt. No. 15). The Magistrate Judge also recommended that the Court grant Plaintiff leave to amend his complaint. (*Id.*). Plaintiff filed an objection to the R & R. (Dkt. No. 16). The matter is now ripe for the Court's review.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R & R, the R & R is reviewed de novo.

### III.    Discussion

After a review of the R & R, the Complaint, and the applicable law, the Court finds that the Magistrate Judge ably addressed Defendant's motion to dismiss and correctly found that Plaintiff failed to state a plausible claim. The Magistrate Judge correctly concluded that the Complaint did not allege sufficient facts to allow the Court to reasonable infer that Defendant suspended Plaintiff and decreased his hourly wage because of his race. Plaintiff did not sufficiently allege facts of other employees outside his protected class who were treated more fairly to maintain his discrimination claim. Additionally, Plaintiff's retaliation claim is subject to dismissal for failing to allege sufficient facts to show a causal connection between Plaintiff's alleged activity and the adverse action. Plaintiff failed to plead facts sufficient to show that his protected activity was the "but-for" cause of the materially adverse employment action. Accordingly, Plaintiff's claims of retaliation and discrimination should be dismissed.

## IV.    Conclusion

For the reasons discussed above, the Court **ADOPTS** the R & R as the Order of the Court and **GRANTS** Defendant's Motion to Dismiss. The Court, however, affords Plaintiff an opportunity to cure the purported pleading defects and **GRANTS** Plaintiff leave to file an amended complaint. Plaintiff is **DIRECTED** to file an amended complaint on or before 10 days from the date of this order.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 4, 2023
Charleston, South Carolina