**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Walter Moore,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Pegasus Steel, LLC,<br><br>　　　　　Defendant. | Case No. No. 2:22-cv-3096-RMG<br><br>**ORDER AND OPINION** |

　　　This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") recommending that Defendant's Partial Motion to Dismiss (Dkt. No. 25) be granted as to Plaintiff's hostile work environment claim and denied as to his retaliation claim. (Dkt. No. 29). Defendant filed objections to the R & R (Dkt. No. 30), and Plaintiff filed a reply. (Dkt. No. 32). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants-in-part and denies-in-part Defendant's Partial Motion to Dismiss.

**I.　Background**

　　　Plaintiff filed this civil action against his former employer, asserting claims for racial discrimination/disparate treatment, hostile work environment, and retaliation. (Dkt. No. 23). Defendant moved to dismiss Plaintiff's hostile work environment and retaliation claims arguing that Plaintiff failed to allege facts sufficient to state a claim for relief. (Dkt. No. 25). After Defendant's motion was fully briefed, the Magistrate Judge issued an R & R recommending this Court grant Defendant's motion as to Plaintiff's hostile work environment claim and deny Defendant's motion as to his retaliation claim. (Dkt. No. 29). Defendant then filed timely objections to the R & R, (Dkt. No. 30), and Plaintiff replied (Dkt. No. 32). The matter is now ripe for the Court's review.

1

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. Discussion

### A. Hostile Work Environment Claim

"A hostile environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc). Plaintiff must allege that he suffered from harassment that was (1) unwelcome, (2) based on protected status, (3) sufficiently severe or pervasive to alter the conditions of his employment and create an abusive atmosphere, and (4) imputable to the employer. *EEOC v. Cent Wholesalers, Inc.*, 573 167, 175 (4th Cir. 2009).

The Magistrate Judge recommended that the Court dismiss Plaintiff's claim for hostile work environment because Plaintiff "fail[ed] to allege harassment that was sufficiently severe or pervasive." (Dkt. No. 29 at 7). The Magistrate Judge reasoned that Plaintiff's allegation that Defendant "demonstrated a pattern of treating Caucasian employee[s] more favorably than their African American counterparts" is not sufficient own its own top show harassment. (*Id.* at 8).

The Magistrate Judge noted that Plaintiff did not allege the frequency of the conduct or whether it unreasonably interfered with Plaintiff's work performance. (*Id.* at 8-9).

Plaintiff did not file an objection to the Magistrate Judge's recommendation. After a reviewing the record in this case and the controlling law, the Court finds that the Magistrate Judge ably addressed Defendant's motion to dismiss Plaintiff's hostile work environment claim and correctly concluded that Plaintiff's allegations are not sufficient to plead such a claim. The Court agrees that Plaintiff's allegations, on their own, are conclusory and are not sufficient to show that the alleged harassment was severe or pervasive. Accordingly, the Court dismisses Plaintiff's hostile work environment claim.

### B. Retaliation Claim

To establish a prima facie case of retaliation, a plaintiff must show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of App.,* 626 F.3d 187, 190 (4th Cir. 2010). Once a plaintiff establishes a prima facie case, the burden shifts back to the employer to proffer a legitimate, non-discriminatory reason for taking the adverse action. If the employer carries its burden, the plaintiff must prove that the legitimate reasons were pretextual. *Matavia v. Bald Head Island Mgmt., Inc.,* 259 F.3d 261 (4th Cir. 2001).

Here, the Magistrate Judge found that Plaintiff sufficiently pled a claim for retaliation by alleging that after Plaintiff reported disparate treatment between himself and his white colleagues, Defendant presented Plaintiff with inaccurate disciplinary forms to sign and threatened Plaintiff with termination if he did not sign the forms. (Dkt. No. 29 at 7). The Magistrate Judge relied on a Fourth Circuit case, *Barnes v. Charles Ct. Pub. Schools*, 747 Fed. App'x 115, 119 (4th Cir. 2018), which held that "a letter of warning did amount to an adverse

action because [plaintiff's supervisor] warned [plaintiff] that future disciplinary actions could result in further discipline, including termination." The Magistrate Judge reasoned that, similarly, the threat of termination if Plaintiff failed to sign the form here could also be found to be an adverse action. (Dkt. No. 29 at 7).

Defendant objected to the Magistrate Judge's recommendation. (Dkt. No. 30). Defendant argues that Plaintiff's allegations are not like the facts in *Barnes* because the disciplinary form itself did not include a threat of further discipline. (*Id.* at 2-3). That is not a meaningful distinction. The fact the threat of termination was given verbally instead of included in the disciplinary form does not alter the Court's analysis. Accordingly, the Court overrules this objection.

Defendant further argues that Plaintiff's allegations mirror facts of other cases in the Fourth Circuit finding that written warnings, even those accompanied by a threat of termination, do not constitute adverse employment actions in the retaliation context. (*Id.* at 4).

Adverse employment actions must be "'materially adverse', which means the plaintiff must show 'significant' harm that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Noonan v. Consolidated Shoe Co.*, 84 F.4th 566, 575 (4th Cir. 2023) (quoting *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 656 (4th Cir. 2023). "In making this determination, context matters." *Noonan*, 84 F.4th at 575.

In *Noonan*, the Fourth Circuit found that a supervisor inaccurately telling an employee that knowing a co-worker's pay was a fireable offense under the employee handbook was not a sufficiently adverse employment action. *Id.* at 574-75 The Fourth Circuit reasoned that no reasonable juror would conclude that such a one-off statement from a supervisor would dissuade a reasonable worker from making a charge of discrimination. *Id.* at 575.

4

The context alleged here is different. Here, the alleged threat of termination was made to Plaintiff if he did not sign inaccurate disciplinary forms. (Dkt. No. 23 ¶¶ 20-21). Plaintiff alleged that he previously received disciplinary treatment, but those allegations did not state that the reasons for discipline were inaccurate. (*Id.*, ¶¶ 13-18). Instead, those allegations stated that Plaintiff was written up for "minor weld mistakes" while his "Caucasian counterparts" were not reprimanded for the same infractions. (*Id.*) Plaintiff only alleges that the disciplinary forms were inaccurate after he reported the disparate treatment to Defendant's Human Resource Officer. (*Id.*, ¶ 20). Additionally, Plaintiff only alleges that he was threatened with termination for not signing the reports after he reported the disparate treatment. (*Id.*, ¶ 21). Accordingly, the Court finds, at this stage, that Plaintiff has sufficiently pled a claim for retaliation and overrules Defendant's objections.

I. Conclusion

For the reasons state above, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 29) and **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Partial Motion to Dismiss (Dkt. No. 25). Plaintiff's hostile work environment claim is dismissed, and Plaintiff's retaliation claim remains.

       s/Richard Mark Gergel  
       Richard Mark Gergel  
       United States District Judge

January 25, 2024  
Charleston, South Carolina